No. 274

INDUSTRIAL COMM. v. HIBBS

No. 19621. Supreme Court

On motion to certify. Dock. Feb. 11, 1926; 4 Abs. 128.

1283. WORKMEN'S COMPENSATION—May an award by the Industrial Commission concerning compensation paid or to be paid to an injured workman be modified in an appeal to the Common Pleas Court or in such court without jurisdiction?

Benjamin Hibbs was injured in the course of his employment on the 29th day of June, 1918. He thereafter filed an application for compensation with the Industrial Commission according to the provisions of the Workmen's Compensation Law of Ohio. The Commission considered the claim and found that it had jurisdiction in the matter and awarded compensation from time to time from the 29th day of June, 1918, to October 1st, 1919. The Commission thereafter heard the claim several times and on June 3rd, 1924, denied the claimant, Hibbs, the right to continue to participate in the State Insurance Fund for the reason that the alleged disability was not due to the injury which he received in the course of his employment.

Appeal was taken to the Tuscarawas Common Pleas and the following judgment was rendered therein:

"The jury in this action having at a former day of this Court upon inquiry of the amount due plaintiff for compensation under the Workmen's Compensation Act, assessed the same against the defendant at $3750.00. - - - -"

It is therefore considered by the Court that Benjamin Hibbs recover from The Industrial Commission the sum of $12.00 for medical expenditures or the total sum of $3620.00 as heretofore was by verdict of the jury, found due him with interest from June 4th, 1925, together with his costs herein expended and the clerk of this Court is hereby ordered to tax with said costs to be paid by said defendant the sum of $450.00 hereby fixed by the Court for attorney's fees as claimant's counsel which should be paid as provided by law."

The Court of Appeals affirmed the Common Pleas.

The Commission, in the Supreme Court, contends:

1. That the court erred in rendering judgment for interest after June 14, 1925.

2. That the Common Pleas Court had no jurisdiction of the subject matter.

Attorneys—C. C. Crabbe, R. R. Zurmehly, Columbus, and J. E. Patrick, New Philadelphia, for Commission; Mitchell & Mitchell, New Philadelphia, for Hibbs.